# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
—oOo—

**SEALED**

**FILED**
SEP 18 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA
v.

WILLIAM LAMAR BLESSETT, aka
Jason William Blessett
6539 La Cienega Drive
North Highlands, CA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:

2:06 - MJ - 0251 GGH

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **April 28, 2005** in **Sacramento** County, in the Eastern District of California defendant(s) did,

- **Possess Images Depicting Minors Engaged in Sexually Explicit Conduct**

in violation of Title **18**, United States Code, Section(s) **2252(a)(4)(B)**. I further state that I am a(n) Deputy U.S. Marshal, Detective, Sacramento County Sheriff's Department and that this complaint is based on the following facts:

- **See Attachment B**

X  Continued on the attached sheet and made a part hereof.

Signature of Complainant VINCENT E. RECCE, JR.
Sacramento County Sheriff's Dept.

Sworn to before me, and subscribed in my presence
September 18, 2006                    at     Sacramento, California
Date                                          City and State

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE                GREGORY G. HOLLOWS
Name and Title of Judicial Officer            Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF
## COMPLAINT AND ARREST WARRANT

I, Vincent E. Recce Jr., being duly sworn, depose and state:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I am a full time sworn peace officer employed by the Sacramento County Sheriff's Department in this capacity since April of 1985. My Formal education includes a Masters of Science Degree in Emergency Services Administration, through the California State University, Long Beach. Undergraduate includes a Bachelor of Arts in Criminal Justice Management, and an Associates Degree in Administration of Justice. My coursework involved the study of criminal investigation, rules of evidence, search and seizure, and management.

2. In July 1983 I graduated from the Sacramento County Sheriff's Academy where I received 660 hours of instruction in the detection and investigation of criminal activity. I worked as a Reserve Deputy Sheriff for Sacramento County Sheriff's Department in the Corrections Division from July of 1983 until February of 1984. From February of 1984 until April of 1985, I worked as a Deputy Sheriff-Corner for the Yuba County Sheriff's and the Butte County Sheriff's Department. While employed in this capacity I investigated a multitude of crimes. In April of 1985 [2005 crossed out] I was hired as a deputy sheriff with the Sacramento County Sheriff's Department. From April of 1985 through July of 2000 I worked in the Jail and Patrol Divisions where I gained first-hand experience in the detection and investigation of criminal activity. I also served as a training officer

for the department in both the Jail and Patrol Divisions. I have investigated a multitude of crimes including threats, violent assaults, robberies, thefts, check fraud, and narcotics offenses.

3. In July of 2000 I was transferred to the Investigations Division and was assigned to the Sacramento Valley Hi-Tech Crimes Task Force. I am responsible for investigating Internet Crimes against Children, which include the sexual exploitation of children and child pornography. In August of 2006 I was sworn in as a Deputy U.S. Marshal. During the course of my employment I have observed thousands of examples of child pornography in all forms of media, including computer media. I have conducted, coordinated, and participated in over four hundred investigations relating to the sexual exploitation of children. During the course of these investigations, over two hundred search warrants have been written. I also have testified as an expert on Computer Forensics for Child Exploitation Crimes in Sacramento Superior Court, for the Federal Judicial System, and to assist in new California State Legislation in regards to child exploitation crimes.

4. I have attended numerous California Peace Officer and Standards approved courses including Legal Aspects of Investigation, Child Abuse Investigations, Sexual Assault Investigations, Narcotic Investigations, Interview and Interrogation Techniques, and Advanced Officer Training. I have also attended numerous Computer Investigation Courses where I have received over three hundred hours of instruction on investigation of computer crimes, Internet investigations, and child exploitation. One of these courses was at the F.B.I.

Academy in Quantico, Virginia.

5. The facts and statements in this affidavit are based on my personal investigation, my training and experience, and information relayed to me by other federal, state, and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have included only the facts I believe are necessary to establish probable cause to believe that on or about April 8, 2005, and again on or about May 18, 2005, WILLIAM LAMAR BLESSETT aka Jason William Blessett aka Jason Eldrige possessed images depicting minors engaged in sexually explicit conduct, a violation of Section 2252(a) (4) (B) of Title 18 of the United States Code.

6. This affidavit is in support of a criminal complaint and arrest warrant for WILLIAM LAMAR BLESSETT aka Jason William Blessett aka Jason Eldrige. BLESSETT is an unemployed black male, 5'11", 200 lbs, born on September 11, 1979.

## II. STATUTES AND DEFINITIONS

7. Section 2252(a) (4)(B) makes it a federal crime for any person to knowingly possess one or more visual depictions of minors engaged in sexually explicit conduct that has been mailed or that has traveled in interstate or foreign commerce.

8. The term "minor" is defined in 18 U.S.C. §2256(1) as "any person under the age of eighteen years."

9. The term "visual depiction" is defined in 18 U.S.C. §2256(8) to

include "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversation into a visual image."

10. The term "sexually explicit conduct" is defined in 18, U.S.C. §2256(2) as "actual or simulated (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person."

### III. THE INVESTIGATION

11. On or about April 28, 2005, I received a message that a complainant had gone to a Sacramento County Sheriff's Department Service Center to report that a computer containing child pornography was at his place of employment. I called the complainant and learned that he was employed at Aaron's, a rental company in Carmichael.

12. The complainant informed me that a person who had rented a computer from Aaron's had brought it back to the business stating that it was not working properly. After Aaron's sent the computer to the manufacturer for servicing, it was returned to the store where the complainant turned the computer on to ensure that it was working properly. The complaint reported seeing a folder entitled "boys" on the desktop. The complainant opened the file and reported seeing at least ten pictures of naked boys between eight and ten years old. The complainant reported that one of the images appeared to depict two naked boys engaged in a sex act in a hotel room.

13. That same day, I went to Aaron's and learned that BLESSETT,

using the alias Jason Blessett, had leased the computer and returned it on the afternoon of April 8, 2005, for servicing. Aaron's records showed that BLESSETT had been a customer since May 2002 and listed an address of 6539 La Cienega Drive in North Highlands. BLESSETT was identified as a black male, 5'10", 230 lbs., with reddish hair and a birth date of September 11, 1979.

14. At Aaron's, I also learned that BLESSETT had received a loaner computer to replace the one he turned in for servicing.

15. While at Aaron's, I obtained consent from the store manager to seize the computer. On May 2, 2005, I obtained a search warrant signed by Sacramento Superior Court Judge Gary Ransom. Upon examination of the computer, I found several hundred image files depicting minors engaged in sexually explicit conduct, many in a file labeled "boys," and all with a creation date prior to April 8, 2005, the date BLESSETT returned the computer to Aaron's for servicing.

16. Among the images found on the Aaron's computer, I observed a number of images depicting actual minors engaged in sexually explicit conduct as defined in 18 USC 2256 (2)(A). Two of these images are described as the following: Image 3(6).jpg depicts two nude Caucasian boys that appear to be approximately six to eight years of age. One of the boys is kneeling on a bed with his groin pressed against the buttocks of the second boy who is on his hands and knees in front of him. Image 7(8).jpg depicts a nude Caucasian boy (approximately five to seven years of age) and the mid section of an adult male.

The boy is partially on top of the adult male and facing him. The adult male's penis appears to be in the anal area of the young boy.

17. On or about May 5, 2005, I returned to Aaron's and learned that BLESSETT had turned in the loaner computer on May 2, 2005, and received a replacement computer. On May 9, 2005, I obtained a search warrant signed by Judge Ransom for the loaner computer at Aaron's. That computer was seized on May 18, 2005, and is in the custody of the Hi-Tech Crimes Task Force.

18. Also on May 9, 2005, I obtained a search warrant for BLESSETT and his residence at 6539 La Cienega Drive in North Highlands. On May 18, 2005, I and other officers executed the search warrant at his residence and seized the computer BLESSETT had leased from Aaron's and other items.

19. During the execution of the search warrant, I read BLESSETT his Miranda rights, and he consented to be interviewed. During the interview, BLESSETT stated that he had an addiction to child pornography and that he obtained the images from the Internet. BLESSETT also stated that the computer he had returned to Aaron's for repair on April 8, 2005, contained child pornography. BLESSETT stated that he was downloading from Yahoo! web locations when the computer began to malfunction. BLESSETT also stated that I would find child pornography on the computer seized from the residence and that he had a CD with "probably 100" pictures on it.

20. At the end of the interview, BLESSETT wrote an "apology letter" in which he expressed his sorrow and need for help with his addiction. He stated that he had suffered with the addiction for over 10 years. BLESSETT also stated

(as he had earlier in the interview), that he never distributed the images, only collected them for himself.

## IV. FURTHER INVESTIGATION

21. On or about June 21, 2006, the Sheriff's Department received a report from a person who had been present at the May 18, 2005, execution of the search warrant at BLESSETT's residence. That person reported that BLESSETT was no longer in a mental hospital, was making statements intimating that he had pretended mental illness to avoid the state prosecution, and had a MySpace page in which he identified himself as a 15-year-old boy.

22. MySpace is an online social community in which individuals and groups can create pages describing themselves and their interests. MySpace users can post pictures, video clips, and audio clips on their pages. MySpace users also build "community" by acquiring "friends" who identify themselves as such and post messages on the pages.

23. I have examined BLESSETT'S MySpace page in which he identifies himself as a gay, 15-year-old boy in North Highlands, California. At various times, his profile has contained a photograph that appears to faithfully depict BLESSETT wearing a head scarf.

24. I created a MySpace page in which I identified myself as "Kenny," a 14-year-old boy in Sacramento, California. As "Kenny," I communicated with BLESSETT by MySpace message posts in June and July of 2006. In order to leave MySpace message posts, BLESSETT must have access to the Internet. BLESSETT's MySpace account is identified by MySpace.com as Friend ID #

55304600 and with the user name of "UNFORGIVEABLE_TIME". I viewed BLESSETT's MySpace account on September 18, 2006 and observed his last log on date was September 17, 2006.

## V. STATEMENT OF PROBABLE CAUSE

25. Based upon the foregoing facts, I respectfully submit there exists probable cause to believe that WILLIAM LAMAR BLESSETT aka Jason William Blessett aka Jason Eldrige possessed images depicting minors engaged in sexually explicit conduct in violation of Section 2252(a) (4) (B) of Title 18 of the United States Code on or about April 8, 2005, and again on or about May 18, 2005. Therefore, I request that this Court issue an arrest warrant.

## VI. SEALING REQUEST

26. BLESSETT has been charged with misdemeanor possession of child pornography by the Sacramento County District Attorney's Office. (In a separate case, BLESSETT also has been charged with check fraud and animal cruelty.) I believe that disclosure of the existence of this complaint and arrest warrant would alert BLESSETT that to the existence of the federal felony investigation and might cause him to flee the jurisdiction inasmuch as the penalties available under federal law are so much more onerous than those for a misdemeanor possession conviction. Accordingly, I request that this Court issue

an order sealing the complaint, this affidavit, and the arrest warrant until execution of the arrest warrant.

_____
VINCENT E. RECCE, Jr.
Deputy U.S. Marshal
Detective, Sacramento County Sheriff's Department


Approved as to form:


_____
CAMIL A. SKIPPER, AUSA




Subscribed to and sworn to before me this ___18th___ day of September, 2006

_____
GREGORY G. HOLLOWS
GREGORY G. HOLLOWS
United States Magistrate Judge