DANIEL J. BRODERICK, #89424
Federal Defender
JEFFREY L. STANIELS, Bar. No. 91413
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
WILLIAM LAMAR BLESSETT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>WILLIAM LAMAR BLESSETT,<br><br>          Defendant. | No. 2-06-CR-0389 EJG<br><br>**MOTION TO DETERMINE COMPETENCY OF DEFENDANT; PROPOSED ORDER**<br><br>Date:  May 25, 2007<br>Judge: Hon. Edward J. Garcia<br>       (In Chambers) |

**To: McGREGOR W. SCOTT, U.S. Attorney, and Camil Skipper, Assistant U.S. Attorney, Attorneys for Plaintiff:**

Please take notice that counsel for William Blessett hereby seeks an order pursuant to 18 U.S.C. §4241(a) determining whether the defendant is competent to stand trial. In preparation for such a hearing below-signed counsel orally moved, at the status conference held on this date that Mr. Blessett be evaluated at a Bureau of Prisons facility as is authorized by 18 U.S.C. § 4247(b) & (c)(1)-(4)(A).

The court is advised that counsel have conferred following today's status conference, and government counsel has authorized me to inform the court that this motion for an examination and commitment for that purpose is not opposed by the government.

Under 18 U.S.C. section 4241(a), on the defendant's motion, the

1  Court must order a hearing to determine the defendant's competency to
2  stand trial if there is reasonable cause to believe the defendant is
3  incompetent.  See also S. Rep. No. 225, 98th Cong., 2d Sess. 235
4  (reprinted in 1984 U.S. Cong. & Ad. News 3416-3417)(mandatory for court
5  to order hearing if there is reasonable cause to believe defendant may
6  presently be mentally incompetent to the extent he is unable to
7  understand the nature and consequences of the proceedings against him
8  or to assist properly in his defense).

9      18 U.S.C. § 4241(b) provides that "[p]rior to the date of the
10 hearing, the court may order that a psychiatric or psychological
11 examination of the defendant be conducted, and that a psychiatric or
12 psychological report be filed with the court pursuant to [Title 18
13 United States code] section 4247(b) and (c)."  Such an order for
14 examination is requested.

15     Under 18 U.S.C. § 4247(b) the court may order the defendant to be
16 committed to the custody of the Attorney General for placement in a
17 suitable facility, as close to the court as practicable, for the
18 purposes of an examination under section 4241.  The commitment is for a
19 "reasonable" period which initially may not to exceed 30 days.  The
20 director of the facility may apply for a reasonable extension not to
21 exceed 15 days "upon a showing of good cause."  Commitment pursuant to
22 this section is requested.

23     18 U.S.C. § 4247(c)(1)-(4)(A) describes the required contents of
24 the report of examination to be filed with the court.

25     In this case, there is reasonable cause to believe that Mr.
26 Blessett is presently suffering from a mental disease or defect
27 rendering him mentally incompetent to the extent that he is unable to
28 understand the nature and consequences of the proceedings against him

Motion to Determine
Defendant's Competency           -2-

1  or to assist properly in his defense.

2  Mr. Blessett's history of mental health problems traces back to
3  the age of 2½, when he was diagnosed with developmental delays in
4  language and communication skills and attention and some behavioral
5  problems.  He was diagnosed as severely emotionally disturbed and
6  potentially psychotic by the age of 12.  Records obtained by counsel
7  report at least two suicide attempts.  Following his arrest by state
8  authorities for the conduct including that underlying this case, Mr.
9  Blessett was found to be incompetent to proceed to trial in state court
10 and was committed at the Sacramento County Mental Health Treatment
11 Center for treatment.

12 Early on in this case (which commenced in federal court in
13 September of 2006) it seemed to under-signed counsel that Mr. Blessett
14 was competent.  He appeared to follow and understand discussions of
15 what the lawyers intended to do to commence preparations for his
16 defense, and he seemed to understand what was happening sufficiently
17 that he could assist counsel in his own defense. Over the course of
18 time, and especially during recent weeks, however, his behavior has
19 deteriorated to the point that he is unable to communicate or focus on
20 anything related to his case.  It is impossible for counsel to conclude
21 that he has any ability to communicate factual information to counsel,
22 to understand the issues involved in preparing for trial, to choose
23 whether to resolve the case by trial or by plea, or that he possesses
24 any present rational ability to understand the rights he has and would
25 waive by foregoing trial.

26 For the foregoing reasons, the Court should order the requested
27 examination, take this motion under submission pending completion of
28 that examination, and defer ruling on the motion until the time of a

Motion to Determine
Defendant's Competency           -3-

1  hearing on the defendant's mental incompetency to stand trial.
2      Defense counsel therefore requests that time be excluded under the
3  Speedy Trial Act pursuant to the provisions relating to the period
4  during which any proceedings are underway to determine the mental
5  competency of the defendant, 18 U.S.C. § 3161(h)(1)(A)(Local Code A) as
6  well as due to the pendency of this pretrial motion under 18 U.S.C.
7  section 3161(h)(1)(F)(Local Code E).
8      Dated:  May 25, 2007

                                      Respectfully submitted,

                                      DANIEL J. BRODERICK
                                      Federal Defender

                                      <u>/s/ Jeffrey L. Staniels</u>
                                      JEFFREY L. STANIELS
                                      Assistant Federal Defender
                                      Attorney for Defendant
                                      WILLIAM LAMAR BLESSETT

Motion to Determine
Defendant's Competency               -4-

```
 1  DANIEL J. BRODERICK, #89424
    Federal Defender
 2  JEFFREY L. STANIELS, Bar. No. 91413
    Assistant Federal Defender
 3  Designated Counsel for Service
    801 I Street, 3rd Floor
 4  Sacramento, California 95814
    Telephone: (916) 498-5700
 5
    Attorneys for Defendant
 6  WILLIAM LAMAR BLESSETT
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2-06-CR-0389 EJG |
| Plaintiff, | |
| v. | **ORDER** |
| WILLIAM LAMAR BLESSETT, | |
| Defendant. | |

Pursuant to 18 U.S.C. §4241(b) and 4247(b), the defendant William Lamar Blessett, shall be delivered to the custody of the Bureau of Prisons for a period not to exceed thirty days, unless extended for good cause pursuant to 18 U.S.C.§ 4247(b), for psychiatric and or psychological examinations to determine whether he has the requisite ability to understand the proceedings against him, and to assist properly in his own defense.

It is further ordered that Mr. Blessett be transported forthwith to whatever medical center is designated by the Federal Bureau of Prisons, for the purpose of being examined there by appropriate physicians and others to determine his mental competency. The examining physicians and/or psychologists are authorized to access

Motion to Determine
Defendant's Competency            -5-

all of Mr. Blessett's pertinent medical and collateral information, including psychiatric and medical records and psychological testing. This order authorizes transporting Mr. Blessett forthwith to any federal psychiatric institution designated by the Bureau of Prisons for the examinations.

A status conference is hereby set for July 6, 2007, at 10:00 a.m., to determine whether the defendant has been returned from the medical center, and to set dates for appropriate further proceedings. Time for trial under the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.*, is excluded from May 25, 2007, to July 6, 2007 under 18 U.S.C. §3161(h)(1)(A)(proceedings to determine competency)(Local Code A), and (h)(1)(F)(this pending motion)(Local Code E).

**IT IS SO ORDERED.**

By the Court,

Dated: June 1, 2007            /s/ Edward J. Garcia
                               Hon. Edward J. Garcia
                               Senior U.S. District Judge

Motion to Determine
Defendant's Competency          -6-