```
DANIEL J. BRODERICK, #89424
Federal Defender
JEFFREY L. STANIELS, Bar. No. 91413
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
WILLIAM LAMAR BLESSETT
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2-06-CR-0389 EJG |
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| WILLIAM LAMAR BLESSETT, | Date:  October 3, 2008 |
| Defendant. | Judge: Hon. Edward J. Garcia |
| | Time:  10:00 a.m. |

Under all the circumstances of this case the court is requested to impose a sentence that varies downward substantially from the computed guideline range of 78-97 months. In light of Mr. Blessett's long-term struggle with mental illness, and the catastrophically chaotic state of his level of functioning, the guideline range is significantly greater than necessary to achieve the statutory purposes of sentencing.

As summarized in the earlier memorandum accompanying a defense motion to determine Mr. Blessett's competency to stand trial, Mr. Blessett's history of mental health problems traces back to the age of 2½, when he was diagnosed with developmental delays in language and communication skills and attention and some behavioral problems. He was diagnosed as severely emotionally disturbed and potentially

psychotic by the age of 12.  Medical records obtained by counsel reported at least two suicide attempts.  Following his arrest by state authorities for conduct which included that underlying this case, Mr. Blessett was found to be incompetent to proceed to trial in state court and was committed at the Sacramento County Mental Health Treatment Center for treatment.

During the course of federal proceedings, which commenced in September of 2006 defense counsel observed significant deterioration in Mr. Blessett's mental status.  Early on he appeared to follow and understand discussions of what the lawyers intended to do to commence preparations for his defense, and he seemed to understand what was happening sufficiently that he could assist counsel in his own defense. Over the course of time, however, his behavior deteriorated to the point that he was unable to communicate with counsel or focus on anything related to his case.  It was impossible for counsel to conclude that he had any ability to communicate factual information to counsel, to understand the issues involved in preparing for trial, to choose whether to resolve the case by trial or by plea, or that he possesses any present rational ability to understand the rights he has and would waive by foregoing trial.

Thereafter, following a commitment to determine competency, and after multiple sessions with a defense engaged psychiatrist, a consensus developed among mental health professionals that Mr. Blessett was competent, and this court so found.  Nevertheless, the experience of counsel has been that Mr. Blessett is seriously mentally ill, that his mental life is completely disorganized, chaotic, and dysfunctional.

The presence and behavior that Mr. Blessett manifested in his court appearances reflects the behavior that counsel encountered

Sentencing Memorandum            -2-

throughout this case, and which is documented in his medical records from the time he was 12 years old.  The only observed variance came during the patient, informed efforts to communicate with him made by the defense psychiatrist during interactions observed by counsel. Counsel has not received any information that suggests his appearance and behavior has been more integrated or coherent than was observable while he was in court.  The only information that came from the jail was that Mr. Blessett was tormented by some of the people with whom he was housed, and that he was driving the psychiatric staff to distraction with his incoherent, dysfunctional, non-communicative behavior. The notion that he was play-acting or "faking it" or manipulating observers or malingering seems to counsel to be simply preposterous.

    Mr. Blessett has been in federal custody now for just over two years.  The defense suggests that further incarceration that at all approaches the guideline range is pointless, excessive, more than "sufficient" and "greater than necessary." Therefore the court is requested to vary downward substantially from 78 months.

Dated:   October 2, 2008

                                Respectfully submitted,

                                DANIEL J. BRODERICK
                                Federal Defender

                                /s/ Jeffrey L. Staniels
                                JEFFREY L. STANIELS
                                Assistant Federal Defender
                                Attorney for Defendant
                                WILLIAM LAMAR BLESSETT