# UNITED STATES DISTRICT COURT
## Eastern District of California

## Second Superseding Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:**  William Lamar BLESSETT          **Docket Number:**   2:06CR00389-01

**Name of Judicial Officer**:   Senior United States District Court Judge William B. Shubb

**Date of Original Sentence:**   10/3/2008

**Original Offense:** 18 U.S.C. § 2252(a)(4)(B) – Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct (CLASS C FELONY)

**Original Sentence:** 78 months Bureau of Prisons; 96 months Supervised Release; $100 special assessment; Mandatory drug testing; No firearms; DNA collection; and Comply with registration requirements.

**Special Conditions:**   1) Warrantless Search; 2) Mental Health Treatment; 3) Aftercare Co-payment; 4) No On-Line Computer Access; 5) No Contact With All Minors; 6) Computer Inspection; 7) Pornography Restriction; 8) Phone Record Disclosure; 9) Notice to Employer of Computer Restriction; and 10) Sex Offender Treatment

**Type of Supervision:**   Supervised Release

**Date Supervision Commenced:**   1/18/2013

**Other Court Actions:**

01/28/2015:    Prob 12A submitted to Court reporting New Law Violation (theft). Court approved alternative sanction requiring offender to attend and participate in Sex Offender Accountability Probation (SOAP).

06/09/2015:    Probation Form 12C – Petition for warrant requested based on offender's failure to participate in sex offender treatment. Court issued summons and directed the probation officer to obtain a transcript of the Rule 11 proceedings at the time of plea (delivered on 6/19/2015).

07/10/2015:    Probation Form 12C – Superseding Petition filed noting new non-compliance behavior (namely unsuccessful discharge from Sex Offender Accountability Program).

RE: **William Lamar BLESSETT**                     Docket Number: 2:06CR00389-01

| | |
|---|---|
| 08/24/2015: | After an Evidentiary Hearing, the offender was found in violation and sentenced to four (4) months custody, with 60 months of supervised release to follow. All previously imposed special conditions remained intact. |
| 10/28/2015: | Supervision re-commenced |
| 06/08/2016: | Probation Form 12C – Petition for warrant requested based on offender securing employment at an establishment frequented by minors (without notification/permission) and failure to participate/cooperate in sex offender treatment. |
| 06/24/2016 | Detention Hearing before Magistrate Judge Edmund F. Brennan. The offender was ordered detained. |
| 06/28/2016: | Probation Form 12C – Superseding Petition filed to address additional non-compliance behavior. |
| 8/15/2016: | After an Evidentiary Hearing, the Court granted the Probation Officer leave to amend Probation Form 12C- Superseding Petition. |

## PETITIONING THE COURT

☒ **OTHER**

Take notice of amended Petition (Second Superseding):

**Charge Number**          **Nature of Violation**

**Charge 1**          **FAILURE TO NOTIFY THE PROBATION OFFICER OF CHANGE IN EMPLOYEMENT AS REQUIRED**

On December 29, 2015, Blessett secured employment at Pizza Hut located in North Highlands, California. Blessett failed to report this change in employment to his Probation Officer as required, in violation of Standard Condition Number 6, which states, *"the defendant shall notify the probation officer ten days prior to any change in residence and employment."*

**Charge 2**          **FAILURE TO COOPERATE AND ACTIVELY PARTICAPATE IN SEX OFFENDER TREATMENT AS DIRECTED**

On May 25, 2016, William Lamar Blessett was unsuccessfully discharged from sex offender treatment after demonstrating a pattern of property damage, uncooperative behavior, resistance to treatment, and

RE: **William Lamar BLESSETT**                                 Docket Number: 2:06CR00389-01

noncompliance as it related to his Court-imposed sex offender treatment condition, in violation of Special Condition Number 11, which states in part, *"the defendant shall attend, cooperate, and actively participate in sex offender treatment and therapy as approved and directed by the probation officer and as recommended by the assigned treatment provider."*

**Charge 3        FAILURE TO ANSWER TRUTHFULLY AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER**

On May 23, 2016, Blessett contacted the probation officer to request a change in residence to 7876 Highland Avenue, Citrus Heights, California, as required. He was instructed by the probation officer not to move to the residence until the probation officer could complete a third party risk assessment. Despite this clear instruction, Blessett began staying at the above-noted address without his probation officer's knowledge or consent, and in violation of Standard Condition Number 3, which states, *"the defendant shall answer truthfully to all inquiries by the probation officer and follow the instructions of the probation officer."*

**Justification:**   This petition serves to amend Charges 1, and 3, of the superseding petition for warrant filed on June 28, 2016. By way of history, the releasee's conduct is described below.

On October 28, 2015, Blessett was released from the Bureau of Prisons (BOP), at which time his term of supervised release commenced in the Eastern District of California. On November 2, 2015, a home visit was performed and on November 5, 2015, the releasee reported the U.S. Probation Office at which time he was oriented to his conditions of release to which he agreed to comply. At the conclusion of the intake, Blessett was referred for individual sex offender treatment with Marcia Rogers (LCSW).

On January 29, 2016, the probation officer made contact with the offender during an announced home visit at which time the offender reported being employed through In Home Support Services (IHSS). On February 25, 2016, during a subsequent unannounced home visit, the probation officer made contact with the offender's boyfriend who reported Blessett was at work delivering pizza for Pizza Hut. Prior to this visit, the probation officer was not aware that Blessett had secured employment at Pizza Hut or changed his employment.

On March 3, 2016, the probation officer made contact with Chris Wirtz, Pizza Hut Store Manager (North Highlands), who confirmed Blessett was hired by Pizza Hut on December 29, 2015, and had been employed by Pizza Hut since that time.  The probation officer was concerned because, according to discussions with Mr. Wirtz, the restaurant is large in size and regularly hosts children's parties (i.e. birthday, sport teams, etc.). Additionally, during the performance of his duties, the offender might be delivering pizzas to unsupervised minors at their homes. Following the probation officer's visit, Pizza Hut placed Blessett on immediate suspension and was subsequently terminated. When confronted by the probation officer, Blessett acknowledged knowing he is required to first notify the probation officer and gain permission prior to committing to a job. As a result, the offender was verbally reprimanded and individual sex offender treatment intensity was increased.

RE: **William Lamar BLESSETT**                    Docket Number: 2:06CR00389-01

On May 3, 2016, the probation officer met with the offender and his treatment provider Marcia Rogers to discuss Blessett's continued denial about his offense, uncooperative behavior, and recently discovered damage to property at the therapy office consisting of writing "bitch, slut, whore" on magazines in the waiting room which were for the enjoyment of the clientele while they waited. The probation officer examined a magazine with "Marshas a Slut Whore" written on the cover.

During the session, Blessett admitted he in fact wrote those words on the magazines. He made an apology in which he initially said he couldn't help himself, it was an accident. He was told there would be no more damage to property or he would no longer be welcomed in the office, and goals were set for his treatment. In addition, the probation officer reminded the offender of his reluctance to accept his conduct as it relates to his instant offense during his last appearance before Your Honor.

On May 23, 2016, Blessett contact the probation officer and submitted a request to move into a residence located at 7678 Highland Ave., Citrus Heights, California, as required Blessett was instructed by the probation officer not to move until after the probation officer was able to protect against any third-party risks (i.e. schools, parks, swimming pools, playgrounds, youth centers, video arcade facilities, and/or any minors which might be living at said residence).

On May 25, 2016, prior to Blessett's regularly scheduled treatment appointment, Marcia Rogers reported hearing loud yelling outside, "Hey what are you doing?" Upon entering the office, Blessett was asked if the yelling was directed at him, which he denied. During the session, Blessett again was not very responsive, and he could not remember any treatment goals or why he was in treatment other than he was Court ordered. He again stated he did none of the things he was accused of, was told to write those things by the police, and proceeded to yell at Ms. Rogers, "Were you there?" Further, he was asked about damage to one of the decorative items in the waiting room, which he denied, and he was told more writing was found in magazines. He was told all the magazines were removed and was reminded that any more damage or destructive behavior will result in his discharge from treatment. In addition, he was told not to break off any more flowers from the Ladies of the Nile plant (that he brought in with him) because that was the property of the building owner who installs plants for the beautification of the property, to which Blessett's response was that it was out in public view.

Later that same day, Ms. Rogers saw the property owner who reported he (the owner) thought he scared one of our clients (Blessett) by yelling at him because he thought he was tagging on the building. The owner stated the client was using a stalk from a plant and there was no serious damage. Ms. Rogers later called the probation officer reporting what had occurred. It was mutually agreed that the offender was not amenable to treatment and/or the treatment rules. As a result, Blessett was unsuccessfully discharged from individual sex offender treatment.

While taking everything into it account, a request for warrant was submitted on June 6, 2016, under the determination the offender was not amenable to supervision and posed a danger to the community. On June 8, 2016, a warrant was issued by the Honorable William B. Shubb.

In order to effect the arrest, on June 24, 2016, the probation officer (accompanied by the Marshal Service) sought to make contact with Blessett. Blessett was found at 7876 Highland Avenue, Citrus Heights, the

RE: **William Lamar BLESSETT**               Docket Number: 2:06CR00389-01

residence at which Blessett was explicitly instructed by his probation officer not to move. The probation officer asked Blessett how long he had been residing at this address, and Blessett reported, "We have been here for 24 days." The probation officer reminded Blessett he was not previously approved to move into the residence, to which he replied, "I don't remember that. I reported it on my monthly report."

Since the commencement of his original term of supervised release, Blessett has been familiarized/oriented/reminded of his registration reporting requirements. Specifically, on January 23, 2013, and again on November 5, 2015, Blessett was oriented as to his conditions of supervised release and reporting requirements during the initial intake process facilitated by the undersigned probation officer.

>**Custody Status/Location** – Blessett is presently in custody at the Sacramento County Main Jail, located at 651 I Street, Sacramento, CA 95814.

>**Booking Number** – 09955408

**Detention:** It is concerning that Blessett is exhibiting the same behavior which resulted in his last appearance before Your Honor. Despite being afforded many instances to come into full compliance, he continues to demonstrate the same deceitful noncompliant behavior which resulted in a previous revocation of Supervised Release. Consequently, when examining the totality of the circumstances, which includes the instant offense conduct which included Blessett identifying himself as a 15-year-old boy while using a computer to communicate on MySpace with a law enforcement officer depicting himself as a 14-year-old gay boy, it is the opinion of the probation officer that the offender does pose a tangible risk to the community. Given that fact, it is respectfully recommended Blessett remain detained pending final adjudication of the matter.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**     **August 16, 2016**
                     **Roseville, California**
                     **VP:jc**

                                   Respectfully submitted,
                                   **/s/ Vladimir Pajcin**

                                   **VLADIMIR PAJCIN**
                                   **United States Probation Officer**
                                   Telephone: (916) 786-2357

**DATED:**    8/16/2016

RE: **William Lamar BLESSETT**               **Docket Number: 2:06CR00389-01**

        Reviewed by,
        **/s/ Michael A. Sipe**

        **MICHAEL A. SIPE**
        **Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒  Other:  Defendant shall appear before the court, with counsel, at 9:00 a.m. on August 22, 2016, at the continuation of the hearing began on August 15, 2016, to answer the above charges.  The court will hear any additional testimony, and arguments of counsel, pertaining to the new charges at that time.

**Dated:  August 17, 2016**

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

CC:

United States Probation
Assistant United States Attorney: Amy Hitchcock
Federal Public Defender: Doug Beevers
United States Marshal Service

RE: **William Lamar BLESSETT**                              **Docket Number:** 2:06CR00389-01

# SECOND SUPERSEDING STATEMENT
# OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable William B. Shubb
Senior United States District Judge
Sacramento, California

>  RE:   BLESSETT, William Lamar
>  **Docket Number:** 2:06CR00389-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1: FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYEMENT AS REQUIRED**

  a. **Evidence:**

   i. Monthly Supervision Report date stamped February 2, 2016, self-disclosing Pizza Hut employment as a delivery driver.

   ii. Blessett's Employment Records from PAC Pizza LLC.

  b. **Witnesses:**

   i. United States Probation Officer Vladimir Pajcin will testify regarding Blessett's failure to report employment as required.

   ii. Aaron Charlton, Pizza Hut Store Manager (North Highlands), will testify as to offender's employment.

RE: **William Lamar BLESSETT**                           Docket Number: 2:06CR00389-01

**Charge 2: FAILURE TO COOPERATE AND ACTIVELY PARTICAPATE IN SEX OFFENDER TREATMENT AS DIRECTED**

    c. **Evidence:**

        i. Individual Sex Offender Closing Summary authored by Marcia Rogers (LCSW).

    d. **Witnesses:**

        i. Marcia Rogers (LCSW), will testify regarding Blessett's performance and participation history as it relates to the releasee's individual sex offender treatment (12/1/2015 – 5/26/2016).

        ii. United States Probation Officer Vladimir Pajcin will testify regarding Blessett's performance while under supervised release.

**Charge 3: FAILURE TO ANSWER TRUTHFULLY AND FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER**

    e. **Evidence:**

        i. Acknowledgment of Conditions of Supervised Release and Receipt of Criminal Judgement: Signed and dated by Blessett on January 23, 2013; and November 5, 2015.

    f. **Witnesses:**

        i. United States Probation Officer Vladimir Pajcin will testify regarding instructions provided to Blessett relating to his obligation to report changes in residence.

RE: **William Lamar BLESSETT**        **Docket Number: 2:06CR00389-01**

Respectfully submitted,

**/s/ Vladimir Pajcin**

**VLADIMIR PAJCIN**
**United States Probation Officer**
Telephone: (916) 786-2357

**DATED:** 8/16/2016
Roseville, California
VP:jc

Reviewed by,
**/s/ Michael A. Sipe**

**MICHAEL A. SIPE**
**Supervising United States Probation Officer**

RE: **William Lamar BLESSETT**                                  **Docket Number: 2:06CR00389-01**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**   William Lamar BLESSETT        **Docket Number:**   2:06CR00389-01

**Date of Original Offense:**   04/08/2005

**Original term of supervised release imposed:** 96 months

**Highest grade of violation alleged:**   C

**Criminal History Category of offender:**   I

**Original guideline range:** 78 **to** 97 **months.**

**Chapter 7 range of imprisonment:** 3 to 9 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

- ☐ **Class A felony - 5 years**
- ☐ **Class B felony - 3 years**
- ☒ **Class C and/or D felony - 2 years**
- ☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:   YES: ☐   NO: ☒**

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.